

**IN THE**
**TENTH COURT OF APPEALS**

───────────

**No. 10-21-00276-CR**

**EX PARTE STEVEN ROLAN**

───────────

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. DC-F201900770**

**MEMORANDUM OPINION**

Steven Rolan filed a pre-trial "Application for Writ of Habeas Corpus under Article 11.40 of Texas Code of Criminal Procedure" in the trial court on June 17, 2021, seeking to be discharged from confinement. Because the trial court did not err in denying Rolan's writ application, we affirm.

**BACKGROUND**

Rolan was arrested in this case on July 18, 2019, and bail was set at $125,000.00. One month later, Rolan was indicted on three counts of indecency with a child by sexual contact. In its order denying Rolan's application for writ of habeas corpus, the trial court stated that Rolan was claiming relief under articles 7.08 and 7.09 of the Texas Code of Criminal Procedure because Rolan's pretrial incarceration had exceeded one year from the date of his initial arrest. The record supports the trial court's statement. After

reviewing the application and the court's file, the trial court found that Rolan was not entitled to relief and denied the writ application without a hearing on October 6, 2021.

## DISCUSSION

On appeal, Rolan argues in his sole issue that the trial court erred in denying relief under articles 7.03, 7.08, and 7.09 of the Texas Code of Criminal Procedure. As an applicant for a writ of habeas corpus, Rolan has the burden to establish his entitlement to relief by a preponderance of the evidence. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468, 471 (Tex. App.—San Antonio 2020, pet. ref'd). We generally review the trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt*, 206 S.W.3d at 664; *Jarreau*, 623 S.W.3d at 472. However, when, as here, the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *Jarreau*, 623 S.W.3d at 472.

Chapter 7 of the Code of Criminal Procedure outlines the procedures taken before a magistrate to prevent offenses. *See* TEX. CODE CRIM. PROC. ch. 7. Article 7.01 provides that whenever a magistrate is informed that an offense is ***about to be committed***, the magistrate shall immediately issue a warrant for the arrest of the accused and the accused shall be brought before the magistrate. TEX. CODE CRIM. PROC art. 7.01.

Article 7.03 of the Texas Code of Criminal Procedure provides:

> When the accused has been brought before the magistrate, he shall hear proof as to the accusation, and if he be satisfied that **there is just reason to apprehend that the offense was intended to be committed**, or that the threat was seriously made, **he shall make an order that the accused enter into bond** in such sum as he may in his discretion require, **conditioned that he will not commit such offense**, and that he will keep the peace toward the person threatened or about to be injured, and toward all others named

in the bond **for any period of time, not to exceed one year from the date of the bond**.  The magistrate shall admonish the accused that if the accused violates a condition of the bond, the court, in addition to ordering forfeiture of the bond, may punish the accused for contempt under  Section 21.002(c), Government Code.

TEX. CODE CRIM. PROC. art. 7.03 (emphasis added).

Articles 7.08 and 7.09 are relevant when a person brought before the magistrate under Chapter 7, again, regarding the *prevention* of offenses, does not give a bond. Article 7.08 provides, "If the defendant fail to give bond, he shall be committed to jail for one year from the date of the first order requiring such bond."  TEX. CODE CRIM. PROC art. 7.08.  Article 7.09 provides, "A defendant committed for failing to give bond shall be discharged by the officer having him in custody, upon giving the required bond, or at the expiration of the time for which he has been committed."  TEX. CODE CRIM. PROC art. 7.09.

Because the offenses, if any, have already occurred, in fact he has already been indicted for the alleged offenses, articles 7.03, 7.08, and 7.09 are not applicable in this proceeding.  Accordingly, the trial court did not err in denying Rolan's application for writ of habeas corpus, and Rolan's sole issue is overruled.

**CONCLUSION**

Having overruled Rolan's sole issue on appeal, we affirm the trial court's First Amended Order, signed on October 6, 2021, which denies Rolan's Application for Writ of Habeas Corpus.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith

Affirmed

Opinion delivered and filed February 16, 2022

Do not publish

[OT06]

